IN CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

JASMINE SAMUEL                                                                               PLAINTIFF

V.                                              CIVIL ACTION NO.: 20-21

MISSISSIPPI METHODIST SENIOR SERVICES, INC.                    DEFENDANT

## COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Jasmine Samuel, by and through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Fair Labor Standards Act against Defendant Mississippi Methodist Senior Services, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff Jasmine Samuel is an adult female citizen of Hinds County, Mississippi.

2. Defendant Mississippi Methodist Senior Services, Inc. is incorporated in the State of Mississippi, licensed to do business in the State of Mississippi, and may be served with process by serving its registered agent: Sonja Jenkins, 109 South Broadway, Tupelo, Mississippi 38804. Defendant owns and operates a facility in Raymond, Mississippi where Plaintiff is employed.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

1



## STATEMENT OF THE FACTS

5. Plaintiff is a 36-year old adult female resident of Hinds County, Mississippi.

6. Plaintiff was hired as the Director of Nursing at Mississippi Methodist Senior Services, Inc. (MMSS) on November 4, 2019.

7. Plaintiff is paid on an hourly basis, but Defendant only pays Plaintiff for 40 hours per week. When Plaintiff works partial shifts in a day her pay is docked based on the number of hours she worked.

8. Despite Defendant's contention to Plaintiff's that she is salaried, Plaintiff is required by management to submit time sheets outlining when she arrives to and leaves work and time she takes off for lunch.

9. Typically, Plaintiff's time sheets reflect that she works between 85 and 100 hours during a two week pay period.

10. When Plaintiff was first hired at MMSS, Executive Director Jerone Lacking told Ms. Plaintiff that her personal time off would accrue at a higher rate when she worked over 80 hours per pay period than when she worked the standard 80 hours; yet, this has proven not to be the case.

11. Plaintiff has also noticed that if, on rare occasions, she worked less than 80 hours during a pay period, either her pay or her personal leave time was docked in proportion to the difference between the hours she worked and the standard 80 hours.

12. For example, on November 27, 2019, Plaintiff worked only five hours and had no personal leave time available.

13. Plaintiff's paycheck reflected that she was paid for only five hours worked on that day.

14. Similarly, on November 28-29, 2019, Plaintiff did not work her entire shift on

2

either of those two days, and since she had no personal leave time available, her paycheck reflected a deduction of pay for those two days as well.

15. Plaintiff is on-call with MMSS almost continuously.

16. Plaintiff routinely receives calls she is expected to respond to at all hours of the day, every day of the week.

17. Despite this responsibility, Plaintiff is compensated only for forty (40) hers per week.

18. Plaintiff receives no overtime pay and no call pay.

19. Even if Plaintiff were to take a few hours off to attend a doctor's appointment, and even if she took personal leave time to attend the appointment, Plaintiff is still expected to answer her work phone if she is called, because there is no one else to take call for her.

20. Plaintiff has repeatedly been denied requests for taking time off.

21. Plaintiff has submitted requests for a few days or even just one day of uninterrupted time off (i.e., time off from both on-site work and taking call) and has repeatedly been denied.

22. On May 22, 2020, Plaintiff worked an abbreviated day approximately four hours in office.

23. However, as always, she remained on call the entire day.

24. Upon departing, Plaintiff sent the Executive Director, Jerone Lacking, a text message questioning whether or not she was required to go into the payroll system and manually alter the number of hours worked in the office down to reflect the number of hours Plaintiff was actually present in the building.

25. No reply was received.

26. After submitting her timesheet (5/18/20- 5/31/20) for approval on 6/1/2020, it was rejected with the following comment, from Jerone Lacking, attached: "Time sheet does not reflect the time for May 22nd and May 25th. May 22nd you left early and May 25 was a holiday."

27. Due to other pending PTO requests, Plaintiff's PTO bank would not allow any additional requests because the banked hours are exceeded.

28. Therefore, for pay period 5/18/20 - 5/31/20, Plaintiff was forced to manually change the number of hours worked on 5/22/20 to reflect the number of hours she was actually present in the building (4), and submit for unpaid PTO on 5/25/20 (Memorial Day). Hours worked for the period include 53 regular hours, 16 PTO hours, and 8 unpaid PTO hours. A screen snip of Plaintiff's actual time-card is attached as Exhibit "A."

29. This is clear evidence Defendant has been paying Plaintiff based on the quantity of time she has worked and is not being paid on a salary basis.

30. As such, she is a non-exempt employee that is entitled to overtime wages for all hours over forty (40) in a week that she has worked.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

33. Plaintiff is considered non-exempt under the provisions of the Fair Labor Standards Act.

34. The Fair Labor Standards Act requires that all non-exempt employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

35. Plaintiff and has not been properly paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

36. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff and all other similarly situated individuals be granted the following relief in an amount to be determined by the jury:

1. Overtime wages;
2. Liquidated Damages;
3. A tax gross-up and all make-whole relief;
4. Attorney fees;
5. Costs and expenses; and
6. Any other relief to which Plaintiff may be properly entitled under the FLSA.

THIS the 18th day of June 2020.

Respectfully submitted,

JASMINE SAMUEL, PLAINTIFF

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

5

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com

**EXHIBIT A**

By Day

| Wed 20 | Thu 21 | Fri 22 | Sat 23 | Sun 24 | Mon 25 | Tue 26 |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| 8.00 | 8.00 | 4.00 |  |  | 8.00 | 9.00 |
| 8.00 | 8.00 | 4.00 | 0.00 | 0.00 | 8.00 | 9.00 |

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

Court Identification
Docket Number



County # | Judicial Court ID | Court ID
District (CH, CI, CO)

0 6 1 8 2 0
Month | Date | Year

This area to be completed by clerk



Local Docket ID

Case Number if filed prior to 1/1/94

IN THE **CIRCUIT** COURT OF **HINDS** COUNTY

Short Style of Case: Jasmine Samuel v. Mississippi Methodist Senior Services, Inc.
Party Filing Initial Pleading: Type/Print Name **Louis H. Watson, Jr.** Signature _/s/ Louis H. Watson, Jr._ MS Bar No. **9053**
___ Check (✓) if Not an Attorney  ___ Check (✓) if Pro Hac Vice
Compensatory Damages Sought: $ _____  Punitive Damages Sought: $ _____
Is Child Support contemplated as an issue in this suit? ___ Yes ___ No    If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual **Samuel** | **Jasmine** | ( _____ ) | _____ | _____
Last Name | First Name | Maiden Name, If Applicable | Middle Init. | Jr/Sr/III/IV

Address of Plaintiff **Hinds County, Mississippi**
___ Check (✓) If Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
___ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____
Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A: _____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual _____ | _____ | ( _____ ) | _____ | _____
Last Name | First Name | Maiden Name, If Applicable | Middle Init. | Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____
Business **Mississippi Methodist Senior Services, Inc.**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A: _____    Pro Hac Vice (✓) ___
ATTORNEY FOR THIS DEFENDANT: _____ Bar No. _____ or Name: _____
(if known)

In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.

**Business/Commercial**
☐☐ Accounting (Business)
☐☐ Bankruptcy
☐☐ Business Dissolution - Corporation
☐☐ Business Dissolution - Partnership
☐☐ Debt Collection
☐☐ Employment
☐☐ Examination of Debtor
☐☐ Execution
☐☐ Foreign Judgment
☐☐ Garnishment
☐☐ Pension
☐☐ Receivership
☐☐ Replevin
☐☐ Stockholder Suit
☐☐ Other _____

**Domestic Relations**
☐☐ Child Custody/Visitation
☐☐ Child Support
☐☐ Contempt
☐☐ Divorce: Fault
☐☐ Divorce: Irreconcilable Differences
☐☐ Domestic Abuse
☐☐ Emancipation
☐☐ Modification
☐☐ Paternity
☐☐ Property Division
☐☐ Separate Maintenance
☐☐ Termination of Parental Rights
☐☐ UIFSA (formerly URESA)
☐☐ Other _____

**Contract**
☐☐ Breach of Contract
☐☐ Installment Contract
☐☐ Insurance
☐☐ Product Liability under Contract
☐☐ Specific Performance
☐☐ Other _____

**Probate**
☐☐ Accounting (Probate)
☐☐ Birth Certificate Correction
☐☐ Commitment
☐☐ Conservatorship
☐☐ Guardianship
☐☐ Heirship
☐☐ Intestate Estate
☐☐ Minor's Settlement
☐☐ Muniment of Title
☐☐ Name Change
☐☐ Power of Attorney
☐☐ Testate Estate
☐☐ Will Contest
☐☐ Other _____

**Statutes/Rules**
☐☐ Bond Validation
☐☐ Civil Forfeiture
☐☐ Declaratory Judgment
☐☐ ERISA
☐☐ Eminent Domain
☐☐ Extraordinary Writ
☐☐ Federal Statutes
☐☐ Injunction or Restraining Order
☐☐ Municipal Annexation
☐☐ Racketeering (RICO)
☐☐ Railroad
☐☐ Seaman
✓☐ Other **FLSA**

**Appeals**
☐☐ Administrative Agency
☐☐ County Court
☐☐ Hardship Petition (Driver License)
☐☐ Justice Court
☐☐ MS Employmt Security Comm'n
☐☐ Municipal Court
☐☐ Oil & Gas Board
☐☐ Workers' Compensation
☐☐ Other _____

**Children and Minors - Non-Domestic**
☐☐ Adoption - Noncontested
☐☐ Consent to Abortion for Minor
☐☐ Removal of Minority
☐☐ Other _____

**Torts-Personal Injury**
☐☐ Bad Faith
☐☐ Fraud
☐☐ Loss of Consortium
☐☐ Malpractice - Legal
☐☐ Malpractice - Medical
☐☐ Negligence - General
☐☐ Negligence - Motor Vehicle
☐☐ Products Liability
☐☐ Wrongful Death
✓☐ Other **Tortious Interference**

**Mass Tort**
☐☐ Asbestos
☐☐ Chemical Spill
☐☐ Dioxin
☐☐ Hand/Arm Vibration
☐☐ Hearing Loss
☐☐ Radioactive Materials
☐☐ Other _____

**Real Property**
☐☐ Adverse Possession
☐☐ Ejectment
☐☐ Eminent Domain
☐☐ Judicial Foreclosure
☐☐ Lien Assertion
☐☐ Partition
☐☐ Receiver Appointment
☐☐ Tax Sale: Confirmation/Cancellation
☐☐ Title, Boundary &/or Easement
☐☐ Other _____

**Civil Rights**
☐☐ Elections
☐☐ Habeas Corpus
☐☐ Post Conviction Relief
☐☐ Prisoner
☐☐ Other _____